**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 06-20134-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| **JOEY ZARAGOZA,** | ) | **No. 16-2439-KHV** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On November 3, 2008, the Court sentenced defendant to 420 months in prison. This matter is before the Court on defendant's pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #77) filed June 20, 2016. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

## Factual Background

On September 14, 2006, a grand jury returned an indictment which charged defendant with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) (Count 2), brandishing and discharging a firearm in violation of 18 U.S.C. § 924(c) (Count 3) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 4). See Indictment (Doc. #1). On June 2, 2008, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to Counts 1, 2 and 4. See Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C), attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #46). The agreement proposed a sentence of 420 months in prison. See id., ¶ 3. Defendant had a total offense level of 43 with a

criminal history category VI for a guideline range of life in prison. See Presentence Investigation Report dated October 24, 2008, ¶ 74. On November 3, 2008, the Court accepted the Rule 11(c)(1)(C) agreement and sentenced defendant to 420 months in prison. The Court sentenced defendant to 420 months on Count 1, 420 months on Count 2 and 180 months on Count 4, with the terms to be served concurrently. John M. Duma initially represented defendant. More than one year before the change of plea, Duma withdrew. See Order (Doc. #25) filed April 2, 2007. Cheryl A. Pilate represented defendant throughout the remaining proceedings.

On June 20, 2016, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that (1) Pilate provided ineffective assistance because she failed to advise defendant that Section 3A1.2(c)(1) of the United States Sentencing Guidelines is constitutionally invalid; (2) Pilate provided ineffective assistance because she advised defendant to plead guilty to possession of a firearm which was found on private property and (3) under Johnson v. United States, 135 S. Ct. 2551 (2015), his prior offense for aggravated battery no longer qualifies as a crime of violence under Section 4B1.2 of the Guidelines.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

**I.   Timeliness Of Claims 1 And 2**

The government asserts that because defendant's first two claims are not based on Johnson, they are barred as untimely. See Government's Response To Defendant's Motion To Vacate Sentence (Doc. #81) filed July 28, 2016 at 4-5. Section 2255 provides a one-year period of

limitation which ordinarily runs from the date on which the judgment of conviction becomes final. If defendant does not directly appeal his conviction or sentence, the conviction becomes final upon the expiration of the time to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, the Clerk entered judgment on November 3, 2008. Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later on November 17, 2008. Therefore defendant had until November 17, 2009 to file a motion to vacate under Section 2255.

Under Section 2255(f)(3), the Court can consider a claim which is filed after the one-year deadline, but within one year of the date on which the right asserted was initially recognized by the Supreme Court, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Because Johnson does not apply to defendant's first two claims and defendant has not alleged other grounds to toll the one-year deadline, the Court overrules as untimely his claims of ineffective assistance.

## II. Relief Under Johnson v. United States (Claim 3)

Defendant argues that he is entitled to relief under Johnson. In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine.[1] 135 S. Ct.. at 2557-60, 2563; see Welch v. United States, 136 S. Ct. 1257,

---

[1] Under the ACCA, in addition to certain enumerated crimes and crimes which contain specific elements, the definition of "violent felony" includes a residual clause which covers any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Likewise, the definition of a "crime of violence" under Section 924(c) includes a similar residual clause for a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the
(continued...)

1260-61 (2016).

The government asserts that the waiver of collateral challenges in the plea agreement bars defendant's claim under Johnson. The Court need not address the government's procedural argument because (1) the Rule 11(c)(1)(C) plea agreement, not the Guidelines, controlled defendant's sentence and (2) even if the Court had not classified defendant as a career offender under the Guidelines, his guideline range remained life in prison. In addition, on March 6, 2017, after the government filed its opposition brief, the Supreme Court of the United States held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause" and the "residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." Beckles v. United States, 137 S.Ct. 886, 892 (2017). For these reasons, the Court overrules defendant's third claim for relief.

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985)

---

[1](...continued)
course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Although the two clauses are similar, Johnson only addressed the validity of the residual clause in Section 924(e)(2)(B)(ii).

(hearing required only if "petitioner's allegations, if proved, would entitle him to relief" and allegations not contravened by record).

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #77) filed June 20, 2016 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 26th day of June, 2017 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge

---

[2] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).